# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| JOHN L. HARTSOE,<br><br>Plaintiff,<br><br>vs.<br><br>JAY DOYLE, DEBRA CHRISTOPHER, MIKE MCGRATH, ED MCLEAN, VICTOR VALGENTI, BLAIR JONES, JOHN MURPHY, SUE SCHLEIF, JOE HOWARD, LOREN TUCKER, LEO GALLAGER, TIM FOX, JUSTICE JIM RICE,<br><br>Defendants. | CV 14-00063-H-DLC-JTJ<br><br>ORDER DENYING MOTION FOR EVIDENTIARY HEARING AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Mr. Hartsoe filed a Complaint bringing a number of claims against judges, attorneys, law enforcement officers, and members of the Montana Judicial Standards Commission regarding his state court civil and criminal proceedings. Docs. 2, 2-2. Mr. Hartsoe's claims fail as a matter of law. Mr. Hartsoe failed to name a proper defendant as Defendants are either entitled to immunity or did not act under color of state law. Moreover, he failed to state a federal constitutional claim for relief. The Complaint should be dismissed.

Mr. Hartsoe has also filed a Motion for Evidentiary Hearing. (Doc. 7.) In light of the recommendation that his Complaint be dismissed, the motion for

1

evidentiary hearing will be denied.

## I. STATEMENT OF THE CASE

### A. Jurisdiction

Mr. Hartsoe filed this action in federal court, in the Helena Division of the District of Montana. (Complaint, Doc. 2.) For purposes of this Order, the Court will assume venue is proper. The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint attempts to allege a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case is assigned to Hon. Dana Christensen, Chief United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1).

### B. Parties

Plaintiff John Hartsoe is proceeding in forma pauperis and without counsel.

The named Defendants are: Jay Doyle, the Sheriff of Lake County; Debra Christopher, Lake County District Court Judge; Mike McGrath, Chief Justice of the Montana Supreme Court; Ed McLean, Judge/Chairman of the Judicial Standards Commission; Victor Valgenti, Vice Chairman of the Judicial Standards Commission; Blair Jones, member of the Judicial Standards Commission; John Murphy, member of the Judicial Standards Commission; Sue Schleif, member of

the Judicial Standards Commission; Joe Howard, a private attorney in Great Falls, Montana; Loren Tucker, a Judge in Dillon, Montana; Leo Gallagher, a County Attorney in Helena, Montana; Tim Fox, Attorney General for the State of Montana; and Justice Jim Rice, Justice on the Montana Supreme Court. (Complaint, Doc. 2 at 1, 4-6.)

### C. Allegations in Complaint

Mr. Hartsoe alleges Judge Christopher illegally arrested him on September 14, 2009, and November 9, 2009, and "kidnaped" him from November 2009 through March 2010. He alleges Judge Christopher did not issue an order revoking his bond. He alleges he was illegally strapped to a chair during his trial for two hours, and Judge Christopher refused to stop the trial after Mr. Hartsoe informed her that he was sleep deprived. (Complaint, Doc. 2-2 at 1-2.)

Mr. Hartsoe alleges Joe Howard was assigned as his appellant attorney in July 2010 but refused to file a writ of certiorari in compliance with Mr. Hartsoe's wishes. (Complaint, Doc. 2-2 at 2.)

He also alleges that in December 2011 Judge Loren Tucker refused to allow him to fire Joe Howard, declared a mistrial, and illegally raised his bail. (Complaint, Doc. 2-2 at 3.)

He alleges Sheriff Doyle, Sheriff Dutton,[1] County Attorney Leo Gallagher, Justice McGrath, Justice Rice, members of the Montana Judicial Standards Commission, and Attorney General Tim Fox obstructed justice by failing to act upon or dismissing without action complaints he raised against Judge Christopher and Justice McGrath. (Complaint, Doc. 2-2 at 1-6.)

**D. Prior Proceedings**

Mr. Hartsoe's legal troubles began in 2008 when he was charged with assault, assault with a weapon, and kidnapping after an incident involving Mr. Hartsoe and his now ex-wife. Mr. Hartsoe proceeded to trial on November 9, 2009, representing himself. At the beginning of trial, Judge Christopher held Mr. Hartsoe in contempt, and he was shackled in a chair while the State conducted its voir dire. Mr. Hartsoe was then released from the chair and remained free of restraints for the remainder of trial. He was taken into custody at the conclusion of the first day of trial and remained incarcerated for the duration of the trial.

On August 5, 2011, the Montana Supreme Court ruled that Mr. Hartsoe's due process rights were violated when he was shackled to the chair. The case was remanded to the District Court to determine whether the violation was harmless.

---

[1] Sheriff Dutton is not listed as a Defendant, but Mr. Hartsoe raised allegations against him in his Complaint. (Doc. 2-2 at 5.)

*State v. Hartsoe*, 361 Mont. 305, 258 P.3d 428 (Mont. 2011).

In 2013, the Supreme Court described Mr. Hartsoe's litigation history as follows:

> Mr. Hartsoe is a familiar litigant to the courts of Montana, and in the last three years has filed 24 lawsuits in the state district courts of three counties. Of those, 19 are against various state government employees. These include two other claims against Judge Tucker, four actions against Judge Christopher, the sitting judge in this case, and two actions against Hon. C.B. McNeil, another judge in the Twentieth Judicial District. To date, Hartsoe has not prevailed against a single state district court judge, and has unsuccessfully appealed the judicial immunity of judges in two different cases. *See Hartsoe v. Christopher*, 2013 MT 57, 369 Mont. 223, 296 P.3d 1186; *Hartsoe v. McNeil*, 2012 MT 221, 366 Mont. 335, 286 P.3d 1211.

*Hartsoe v. Tucker*, 371 Mont. 539, 309 P.3d 39 (Mont. 2013). The Montana Supreme Court found that Mr. Hartsoe was "well versed in our application of judicial immunity, yet he continues to file groundless and burdensome litigation against district court judges for their discharge of official duty." *Id.* The Supreme Court then imposed sanctions tailored to prevent future harassment with frivolous claims.

Mr. Hartsoe also has a history of filing frivolous lawsuits in this Court. In 2011, Mr. Hartsoe filed a federal complaint against his ex-wife, various law enforcement officers, Judge Christopher, a justice of the peace, and an assistant county attorney regarding his arrests in 2008 and the criminal proceedings

5

thereafter. Mr. Hartsoe alleged that Judge Christopher violated his right to counsel, his right to individual dignity, his right to reasonable bail, and his right to due process.

United States District Judge Molloy found that: (1) Judge Christopher and the justice of the peace were entitled to judicial immunity from Mr. Hartsoe's claims; (2) the prosecutor was entitled to prosecutorial immunity; (3) Mr. Hartsoe could not state a federal claim against his ex-wife because she was not acting under color of state law; and (4) Mr. Hartsoe failed to state a claim against the remaining defendants. *Hartsoe v. Heisel*, 2011 WL 2007942 (D.Mont. May 23, 2011). Mr. Hartsoe appealed to the Ninth Circuit Court of Appeals. The appeal was dismissed because Mr. Hartsoe failed to respond to an order of the court. *Hartsoe v. Heisel*, Civil Action No. 9:11cv17-M-DWM, Docs. 13-15.

In August and September 2014, Mr. Hartsoe filed this and two other lawsuits in this Court. *See Hartsoe v. McNeil*, Civil Action No. 14-cv-210-M-DLC filed August 19, 2014, and dismissed September 22, 2014; *Hartsoe v. Marshall, et al.*, Civil Action No. 14-cv-225-M-DLC filed August 16, 2014, and dismissed December 1, 2014; and this action. In the first action, *Hartsoe v. McNeil*, Mr. Hartsoe sued Judge McNeil and two private attorneys regarding a civil lawsuit over which Judge McNeil presided. The case was dismissed after a finding that Judge

McNeil was entitled to judicial immunity and the private attorneys were not acting under color of state law and therefore could not be held liable under 42 U.S.C. § 1983. *Hartsoe v. McNeil*, 2014 WL 4715536 (D.Mont. September 22, 2014).

In his second action, *Hartsoe v. Marshall*, Mr. Hartsoe sued the court reporter in a civil action for allegedly omitting certain matters from the transcript. Mr. Hartsoe brought a Freedom of Information Act claim that was dismissed because it was not brought against a United States agency or official. Similarly, the Court determined that Mr. Hartsoe could not bring suit under federal criminal statutes as they did not give rise to civil cause of action. *Hartsoe v. Marshall, et al.*, Civil Action 9:14cv225-M-DLC, Doc. 6, 2014 WL 4662094 (D.Mont. September 18, 2014).

## II. PRESCREENING

### A. Standard

Mr. Hartsoe is proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to dismiss a complaint filed in forma pauperis before it is served upon the defendants if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is malicious if not pled in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915). A complaint may also be malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases. *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed.R.Civ.P. 8(e) ("Pleadings must be construed as to do justice.").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave

8

to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Mr. Hartsoe's claims can be divided into two categories: claims in which he alleges that individuals personally violated his rights, and claims in which he seeks to hold liable individuals who did not respond to his satisfaction to his complaints about the individuals who allegedly violated his rights. Specifically, he brings claims against Judge Christopher, Judge Tucker, and Joe Howard for their personal interactions with him. The remainder of his claims are against individuals who allegedly failed to respond appropriately to his complaints.

### B. Personal Liability Claims

Mr. Hartsoe alleges Judge Christopher violated his rights and "kidnaped" him during the criminal proceedings in 2009. He alleges that Judge Tucker refused to allow him to fire his attorney, declared a mistrial, and illegally raised his bail.

Judges are absolutely immune from suit for judicial actions taken by them in the course of their official duties in connection with a case. A judge is not absolutely immune when the judge acts outside the judge's judicial capacity or in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). For purposes of judicial immunity, "[a] clear absence of all jurisdiction

9

means a clear lack of subject matter jurisdiction." *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1389 (9th Cir. 1987). The Supreme Court has held that as long as a judge has jurisdiction to perform the "general act" in question, he or she is immune "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff" and irrespective of the judge's motivation. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985).

Judges Christopher and Tucker are clearly entitled to judicial immunity.[2] The allegations against these judges are clearly within their official duties. The judges had subject-matter jurisdiction over Mr. Hartsoe's court proceedings. Thus, they are entitled to judicial immunity from monetary damages and should be dismissed.

Mr. Hartsoe alleges Joe Howard failed to represent him appropriately in his appeal in 2010. Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." *Jensen v. Lane County*, 222 F.3d 570, 574 (9th Cir. 2000). It is well established that court-appointed attorneys are not

---

[2]These claims are likely barred for additional reasons as well, including collateral estoppel and the statute of limitations.

state actors. *Polk v. Dodson*, 454 U.S. 312, 325 (1981) (a court-appointed attorney representing an indigent client does not act under color of state law when performing the traditional functions of a lawyer); *Miranda v. Clark County of Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (upholding dismissal of complaint on basis that public defender was not acting on behalf of county for purposes of § 1983 in representing plaintiff's interests). Since defense attorneys are not state actors, Mr. Hartsoe cannot state a cognizable claim under section 1983 against Mr. Howard or any other attorney that represented him in his criminal cases.

### C. Failure to Properly Respond to Complaints

The remainder of Mr. Hartsoe's claims involve allegations that the named Defendants failed to properly respond to Mr. Hartsoe's complaints about Judge Christopher and Justice McGrath.

42 U.S.C. § 1983 provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Department of Social Services*, 436 U.S.

11

658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Mr. Hartsoe was clearly dissatisfied with the remaining Defendants' responses to his various complaints against Judge Christopher and Justice McGrath. That dissatisfaction alone does not constitute a constitutional claim, and Mr. Hartsoe has not alleged that Defendants violated any constitutional right. Notwithstanding the fact that many of the named Defendants are entitled to judicial or prosecutorial immunity, holding every person liable for failing to investigate or otherwise act upon Mr. Hartsoe's complaints would attach § 1983 liability to post hoc conduct that bears no causal relationship to the alleged constitutional deprivations themselves. Defendants have not violated Mr. Hartsoe's constitutional rights, and thus, these claims fail to state a claim upon which relief may be granted.

**D. Malicious Filing**

Moreover, Mr. Hartsoe's filing is malicious. When an in forma pauperis prisoner files a complaint that repeats pending or previously litigated claims, the

Court properly may dismiss it, or at least dismiss its repetitive portions, as frivolous or malicious under 28 U.S.C. § 1915(e)(2). *See Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995) (*citing* former § 1915(d)); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (same). The standard for dismissal as "malicious" has not been well defined by case law but some guidance exists. In *Abdul–Akbar v. Department of Corrections*, 910 F.Supp. 986, 999 (D.Del. 1995), the District Court in Delaware considered the malicious standard and stated:

> A separate standard for maliciousness is not as well established. *Deutsch [v. United States]*, 67 F.3d at 1085–87 merely states that a district court 'must engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendants.' *Id.* Other Circuits, however, have offered more objective instances of malicious claims. For example, a district court may dismiss a complaint as malicious if it threatens violence or contains disrespectful references to the court. *Crisafi v. Holland*, 655 F.2d 1305 (D.C.Cir. 1981); *see also Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981) (stating that courts may dismiss pleadings with abusive or offensive language pursuant to the court's inherent powers under FRCP 12(f)). In addition, a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims. *Id.*; *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir.), cert. denied, 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975); *Duhart v. Carlson*, 469 F.2d 471 (10th Cir.1972), *cert. denie*d, 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1973).

One of the hallmarks of malicious litigation is the filing of an action that repeats former or pending litigation. *Phillips v. Carey*, 638 F.2d 207, 208–209

(10th Cir. 1981); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975). Mr. Hartsoe has filed multiple actions in both state and federal court litigating the same or similar conduct. He repeatedly names defendants who either have absolute immunity or do not act under color of state law. This has been previously recognized by the Montana Supreme Court as set forth above. Mr. Hartsoe's filings constitute irresponsible litigation that should not be encouraged or subsidized by the generosity of the in forma pauperis statute. Accordingly, the Court should revoke in forma pauperis status for the purpose of appeal in this action.

### III. CONCLUSION

Mr. Hartsoe has failed to state a claim upon which relief may be granted. Mr. Hartsoe names Defendants who are immune from damages, and he is attempting to relitigate issues previously determined by this and other courts. As such, his filings are frivolous, malicious, fail to state a claim upon which relief may be granted, and are brought against defendants who are immune. These are not defects which could be cured by the allegation of additional facts. This matter should be dismissed.

In light of this recommendation, the motion for evidentiary hearing will be denied.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Hartsoe's Motion for Evidentiary Hearing (Doc. 7) is **DENIED**.

2. At all times during the pendency of this action, Mr. Hartsoe must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

**RECOMMENDATIONS**

1. This matter should be **DISMISSED**.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. Given the frivolous and malicious nature of Mr. Hartsoe's Complaint, he should not be allowed to proceed in forma pauperis on appeal.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Hartsoe may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[3] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 23rd day of January, 2015.

   /s/ John Johnston
John Johnston
United States Magistrate Judge

---

[3] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.