IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

FILED
MAY 0 5 2015
Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| JOHN L. HARTSOE,<br><br>Plaintiff,<br><br>vs.<br><br>JAY DOYLE, DEBRA CHRISTOPHER, MIKE MCGRATH, ED MCLEAN, VICOTR VALGENTI, BLAIR JONES, JOHN MURPHY, SUE SCHLEIF, JOE HOWARD, LOREN TUCKER, LEO GALLAGER, TIM FOX, JUSTICE JIM RICE,<br><br>Defendants. | CV 14–63–H–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John T. Johntson entered his Findings and Recommendation on January 23, 2015 recommending that Hartsoe's Complaint be dismissed and that his in forma pauperis status be revoked for the purpose of appeal. Hartsoe timely objected to the Findings and Recommendation and so the Court will conduct *de novo* review of the record. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United*

1

*States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). Since the parties are familiar with the facts of this case, they will only be repeated below as necessary to explain the Court's order. For the reasons listed below, the Court adopts Judge Johnston's Findings and Recommendation in full.

Judge Johnston found that Judges Christopher and Tucker are clearly entitled to judicial immunity. Hartsoe objects to this finding, alleging that Judge Christopher is guilty of perjury, and other illegal acts. It appears Hartsoe's objection stems from an instance where Judge Christopher found Hartsoe in contempt of court. This was well within Judge Christopher's official duties and Hartsoe has failed to show that Judge Christopher or Judge Tucker acted outside their judicial capacity or in the complete absence of all jurisdiction.

Hartsoe next objects to the remainder of Judge Johnston's findings, alleging that the named Defendants are involved in a cover-up of Judge Christopher's alleged criminal acts. Joe Howard, Hartsoe's court-appointed attorney, was not a state actor and therefore cannot be subject to a section 1983 claim. *Polk v. Dodson*, 454 U.S. 312, 325 (1981). Hartsoe has failed to establish an actual connection or link between the actions of the remaining Defendants and his alleged deprivation. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Hartsoe's objections restate his dissatisfaction with Defendants' responses

to his myriad complaints against Judge Christopher, but wholly fail to constitute a constitutional claim.

Last, Hartsoe requests an evidentiary hearing related to his allegation of perjury against Judge Christopher and the remaining Defendants' concealment of the alleged illegal acts. Hartsoe has failed to name a proper defendant, and further failed to state a claim for relief. An evidentiary hearing is not warranted.

There being no clear error in Judge Johnston's remaining Findings and Recommendation,

IT IS ORDERED that Judge Johnston's Findings and Recommendation (Doc. 8) are ADOPTED IN FULL. Hartsoe's Complaint (Doc. 2) is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the docket shall reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

IT IS FURTHER ORDERED that Hartsoe's motion for an evidentiary hearing (Doc. 10) is DENIED.

DATED this 5th day of May, 2015.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court